UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAVIER AGUILAR-ESPARZA,<br><br>  Petitioner,<br>v.<br>TIM GARRETT, *et al.*,<br><br>  Respondents. | Case No. 3:22-cv-00135-RCJ-CSD<br><br>**ORDER** |

Petitioner Javier Aguilar-Esparza filed a *pro se* First Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 6) ("petition"). The Court issued an Order to Show Cause (ECF No. 7) informing Aguilar-Esparza he must present "specific, detailed, and competent evidence why the petition should not be dismissed as untimely," or this action will be dismissed with prejudice. Aguilar-Esparza filed a response and declaration (ECF No. 8). For the reasons discussed below, the Court dismisses the Petition as untimely.

  I.   Governing Law

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year limitation period for state prisoners to file a federal habeas petition under 28 U.S.C. § 2254(d). Equitable tolling of the AEDPA limitations period may excuse the failure to timely file a petition but is appropriate only if the petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (emphasis omitted). Determining whether equitable tolling is warranted is a "fact-specific inquiry." *Frye v. Hickman,* 273 F.3d 1144, 1146 (9th Cir. 2001) (citing *Whalem/Hunt v. Early,* 233 F.3d 1146, 1148 (9th Cir. 2000)). A petitioner "bears the burden of showing that this extraordinary exclusion should apply to him." *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

"When external forces, rather than a petitioner's lack of diligence, account for the failure

to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999); *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) ("The prisoner must show that the 'extraordinary circumstances' were the cause of his untimeliness."). It follows that a petitioner seeking equitable tolling must demonstrate reasonable diligence during the time of the existence of the extraordinary circumstances. *Spitsyn,* 345 F.3d at 802 (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2nd Cir. 2000) ("[I]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file, after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore.")).

"The diligence required for equitable tolling is 'reasonable diligence,' not 'maximum feasible diligence'." *Doe v. Busby*, 661 F.3d 1001, 1012 (9th Cir. 2011) (quoting *Holland*, 560 U.S. at 653). "The standard for reasonable diligence does not require an overzealous or extreme pursuit of any and every avenue of relief," rather, it "requires only that effort that a reasonable person might be expected to deliver under his or her particular circumstances." *Id.* at 1015.

II.   Discussion

  A.   Reasonable Diligence

As discussed in the order to show cause, Aguilar-Esparza's AEDPA limitations period commenced on October 22, 2019, and expired on October 21, 2020. (ECF No. 7 at 3.) Aguilar-Esparza, however, filed the petition more than a year later on February 8, 2022. (*Id.*)

Under the circumstances, a reasonable person would investigate alternatives for pursuing their rights following the issuance of the remittitur by the Nevada Supreme Court in October of 2019. Aguilar-Esparza claims he was unaware he could pursue federal habeas relief and relied on the assistance of a jailhouse lawyer. Aguilar-Esparza, however, fails to provide facts, evidence, or explanations, demonstrating he was reasonably diligent in pursuing his federal habeas corpus rights at any time until he filed his petition more than a year after the limitations period expired.

Aguilar-Esparza fails to meet the reasonable diligence requirement for equitable tolling.

  B.   Diminished Capacity

Aguilar-Esparza alternatively claims he failed to exercise due diligence and timely file

2

because he suffers from "diminished capacity" and "issues of memory loss and forgetfulness" due to long-term abuse of drugs and alcohol. (ECF No. 8 at 7.)

In *Bills v. Clark*, the Ninth Circuit held that when evaluating whether a petitioner is entitled to equitable tolling due to mental impairment, the district court must:

> (1) Find the petitioner has made a non-frivolous showing that he had a severe mental impairment during the filing period that would entitle him to an evidentiary hearing; (2) determine, after considering the record, whether the petitioner satisfied his burden that he was in fact mentally impaired; (3) determine whether the petitioner's mental impairment made it impossible to timely file on his own; and (4) consider whether the circumstances demonstrate the petitioner was otherwise diligent in attempting to comply with the filing requirements.

628 F.3d 1092, 1100–01 (9th Cir. 2010); *see e.g., Laws v. Lamarque*, 351 F.3d 919, 921–923 (9th Cir. 2003) (reversing grant of motion to dismiss because district court failed to "develop the record" in response to the petitioner's claim of mental incompetency where petitioner provided prison psychiatric records to the district court and the petitioner's mental illness and competency were contested in state court proceedings).

Aguilar-Esparza makes no colorable showing that he suffered diminished capacity or forgetfulness that prevented him from pursuing his rights diligently or that would justify further factual development on the issue. The state appellate court record[1] reveals the state district court found Aguilar-Esparza was competent to stand trial without controversy and nowhere in the trial or appellate pleadings does Aguilar-Esparza allege he suffered diminished capacity. To the contrary, the state appellate court record shows Aguilar-Esparza had the capacity to file *pro se* pleadings, including motions for extensions of time, in the state appellate courts, seeking relief from his guilty plea and resulting sentence because he claimed he pleaded guilty only because he believed he would be sentenced to probation and serve time at home or in a drug rehabilitation setting.

Under the totality of the circumstances, Aguilar-Esparza has not established a colorable claim of diminished capacity worthy of further factual development or that such conditions

---

[1] The Court takes judicial notice of the contents of publicly available documents filed with the Nevada appellate courts. *See* https://nvcourts.gov/Supreme/.

prevented him from diligently pursuing his rights and filing the petition.

### C. COVID-19

Aguilar-Esparza claims he failed to pursue his rights because he had no postconviction counsel, relied on the assistance of a jailhouse lawyer, and due to the COVID-19 pandemic, inmates were "placed on institutional lockdowns" and he "had no way of communicating with the other inmates." (ECF No. 8 at 3–4, 6–7.) He claims the lockdowns and shuffling of inmates caused he and other inmates to suffer lost or late mail, unreliable procedures related to incoming and outgoing mail, and delays in grievance procedures. (*Id.* at 3, 7.)

"The Court is mindful of the unprecedented magnitude of the COVID-19 pandemic . . . ." *United States v. Boatwright*, ––– F. Supp. 3d –––, –––, 2020 WL 1639855, at *5 (D. Nev. Apr. 2, 2020). "Nonetheless, the emergence of the pandemic has not suspended governing standards nor has it obviated the need for required factual showings. Courts will not grant relief by uncritically accepting pandemic-related excuses; mere reference to the pandemic is not enough." *Herndon v. City of Henderson*, 507 F. Supp. 3d 1243, 1251, 2020 WL 7382766 (D. Nev. 2020) (citing *Swenson v. GEICO Cas. Co.*, 336 F.R.D. 206, 210 (D. Nev. 2020)).

According to the Court's electronic docketing system, the Court received petitions for writ of habeas corpus throughout the COVID-19 pandemic in 2020. Despite the COVID-19 restrictions, others were able to file habeas corpus petitions during the pandemic restrictions. Aguilar-Esparza fails to show he exercised, or attempted to exercise, any reasonable diligence that was thwarted by the pandemic restrictions or that prevented his access to his jailhouse lawyer, from mailing communications to and from that individual or the Court or that prevented him from otherwise pursuing his rights.

Under the totality of the circumstances Aguilar-Esparza fails to make a colorable showing that the COVID-19 restrictions prevented him from exercising reasonable due diligence in pursuing his rights and preventing him from filing the petition in a timely file his petition.

### D. Miscarriage of Justice

Aguilar-Esparza maintains that failure to review and rule on the merits of the Petition will create a miscarriage of justice. (ECF No. 8 at 3, 6, 8.)

"To invoke the miscarriage of justice exception to AEDPA's statute of limitations . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). This exception applies "only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 401 (quoting *Schlup,* 513 U.S. at 316).

Aguilar-Esparza fails to make present new evidence that meets the requisite standard for a showing of innocence necessary for the Court to consider the merits of the petition under the miscarriage of justice exception to the AEDPA statute of limitations.

**IT IS THEREFORE ORDERED:**

1. The First Amended Petition for Writ of Habeas Corpus (**ECF No. 6) is DISMISSED WITH PREJUDICE** as barred by the statute of limitations.

2. A certificate of appealability is **DENIED** as jurists of reason would not find the Court's dismissal of the petition to be debatable or wrong.

3. Under Rule 4 of the Rules Governing Section 2254 Cases, the Clerk of Court will add Nevada Attorney General Aaron D. Ford as counsel for Respondents and informally serve the Nevada Attorney General by directing a notice of electronic filing of this order to his office. No response is required from Respondents other than to respond to any orders of a reviewing court.

4. The Clerk of Court is instructed to enter final judgment accordingly and close this case.

DATED this 6th day of October, 2022.

ROBERT C. JONES
UNITED STATES DISTRICT JUDGE